**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| THADDEUS PORTER, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:08-CV-149 (CDL) |
| | | 42 U.S.C. § 1983 |
| JOHN GRAY CONGER, *et al*, | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court are Defendants John Gray Conger and Kathy Bostic's Motions to Dismiss Plaintiff's action. (R-12, 17). Plaintiff was notified of his right to respond, and said Response was filed on January 27, 2009. (R-19).

## LEGAL STANDARD FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was altered by the United State Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old "no set of facts" test established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. v. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the

> speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

On November 14, 2008, Plaintiff filed this 42 U.S.C. § 1983 suit against the named Defendants claiming that his trial counsel failed to file a Motion for New Trial following his

convictions for malice murder, felony murder, armed robbery and possession of a firearm during the commission of a crime. (R-1, p. 4). Plaintiff further alleges that the court reporter from his trial, Defendant Kathy Bostic, failed to prepare his trial transcripts in a timely manner, and then District Attorney Defendant Gray Conger was not prepared to prosecute his motion for new trial, thereby violating his due process rights. Plaintiff seeks to be acquitted of all charges against him, as well monetary compensation in the amount of $10,000 per day that he has been held unconstitutionally, and $1,000,000 for pain and suffering. (R-1, p. 6).

## I. Defendant Gray Conger

Plaintiff contends that Defendant Conger violated his due process rights by failing to be prepared to prosecute his Motion for New Trial. (R-1, p. 4). Defendant Conger asserts that he is entitled to prosecutorial immunity as to Plaintiff's claims. The seminal United States Supreme Court case on prosecutorial immunity is *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976). In *Imbler*, the plaintiff/prisoner alleged that the district attorney had "knowingly used false testimony and suppressed material evidence" at trial. *Imbler*, 424 U.S. at 413, 96 S.Ct. at 987. The Supreme Court held that a state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case, is absolutely immune from civil suit for damages for alleged deprivations of the accused's constitutional rights in a §1983 action. This is the rule even though such immunity leaves the genuinely wronged criminal defendant without civil redress

against a prosecutor whose malicious or dishonest action deprives him of liberty. *Id.*, 424 U.S. at 427, 96 S.Ct. at 993.

In the instant action, Plaintiff has alleged constitutional violations against Defendant Conger regarding any failure on his part to hold a hearing on Plaintiff's Motion for New Trial. Plaintiff's complaint, however, fails to allege any specific violations against Defendant Conger that were outside the scope of his prosecutorial duties. As Plaintiff's claims are analogous to the facts as described in *Imbler*, (in this case, a "failure to act" executed in the scope of Defendant Conger's duties as a prosecutor) Plaintiff has failed to state a claim for which relief may be granted. Therefore, any claims made against Defendant Conger in this case must be dismissed.

## II.     Statute of Limitations

A review of the record in this case establishes that all claims made by Plaintiff should be dismissed where he has allowed the statute of limitations to expire. Plaintiff's complaint indicates that the claims alleged by Plaintiff occurred following his conviction on August 29, 2003. (R-1). Specifically, as noted above, Plaintiff claims that after he was convicted, he requested that his attorney, Defendant Rick Smith, file a Motion for New Trial on his behalf, which he claims Defendant Smith failed to do. *Id.* Plaintiff further alleges that Defendant Bostic failed to provide him a copy of his transcripts in a timely manner following his conviction. *Id.*

The United States Court of Appeals for the Eleventh Circuit has held that "Federal law

determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The period begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Ga. Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Court has further has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A. § 9-3-33 applies to § 1983 actions in a Georgia District Court. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (construing O.C.G.A. § 9-3-33).

The dates relevant to Plaintiff's claims against the Defendants involve time limits as prescribed by Georgia law. Pursuant to Georgia Code § 5-5-40(a), "[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict . . . " Therefore, the statute of limitations on Plaintiff's claim began to run when the time for filing his Motion for New Trial expired, or more specifically, on September 29, 2003, and, thus, expired on September 28, 2005.

As to his claim against Defendant Bostic, Plaintiff initially alleged that he did not receive his trial transcript, but later amended that claim to allege he was ultimately provided a copy of the trial transcript in "the middle of 2006." Attached to her Motion to Dismiss,

Defendant Bostic filed a certified copy of the docket report in Plaintiff's criminal case, establishing that Plaintiff filed a pro se motion for his trial transcripts on August 27, 2004, almost a full year after his conviction and more than ten months after his Out of Time Motion for New Trial was granted on October 30, 2003. (R-17-2, pp. 7, 8).  As such, Plaintiff became aware of the "facts which would support a cause of action"at the latest, on August 27, 2004, and his limitations period would thus have ended on August 26, 2006.  Even if the court were to find that January 24, 2006, the date when the transcript was filed in the Superior Court Clerk's office, as the start of Plaintiff's limitations period, his limitations period would have ended on January 23, 2008.  Plaintiff's complaint was dated November 14, 2008.

Therefore, as to all of the Defendants, Plaintiff's complaint is barred by the applicable statute of limitations.  The liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).  Thus, it is recommended that Plaintiff's complaint be dismissed for a lack of jurisdiction as to all claims.  To dismiss Plaintiff's Complaint without extending him the opportunity to amend the same would not be error, because  no amendment could overcome the jurisdictional and statute of limitations issues and would be futile. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motions to

Dismiss be GRANTED.  It is further RECOMMENDED that the case be dismissed as to all Defendants for Plaintiff's failure to state a claim upon which relief may be granted.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of February, 2009.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw